Mitjans, Demandante y Apelante, *v.* Mitjans, hoy su Sucesión, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en pleito sobre cobro de dinero.

No. 1855.—Resuelto en diciembre 20, 1918.

Lugar para la Celebración del Juicio—Renuncia del Fuero del Domicilio—Su Fuerza Obligatoria para con los Herederos.—La renuncia del fuero del domicilio es una condición lícita en los contratos tanto como una de las cos-

tumbres locales bien establecidas, sancionada por el orden público y sostenida por la corriente uniforme de la jurisprudencia; y tal renuncia es tan obligatoria para los herederos como lo es el cumplimiento de cualquiera otra de las cláusulas o condiciones del contrato.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Sarmiento, Rodríguez Serra & Puig.*

Abogados del apelado: *Sres. Juan, Alberto y Sandalio García Ducós.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El pagaré objeto de la demanda en este caso concluye como sigue:

"En caso de demora en el pago de la suma que adeudo y que va consignada en este pagaré devengará el nueve por ciento anual, sometiéndome para todo a los tribunales insulares de esta isla de San Juan de Puerto Rico, renunciando mi domicilio el que someto al de mi acreedor o acreedores y para constancia del interesado firmo éste en Aguadilla a 4 de abril de 1914."

El presente recurso de apelación se ha establecido contra la orden por la que se declara sin lugar una moción de reconsideración de la orden declarando con lugar la moción de traslado y contra la posterior decisión dictada en el sentido de que otras mociones semejantes en que se solicita el traslado del caso por parte de varios demandados han quedado resueltas sustancialmente de conformidad.

En las citadas mociones de traslado se hizo constar que ni los demandados ni la persona que suscribió el pagaré renunciaron en época alguna el derecho de ser demandados ante la corte de su domicilio. Sin embargo, en las declaraciones juradas archivadas para justificar esta alegación, esa afirmación, en cuanto se refiere al deudor primitivo por virtud del pagaré, se hace por información y creencia, y en la vista de la moción ante la corte de distrito el demandante produjo el pagaré original acompañado de varias contra-declaraciones juradas para justificar la identidad de la firma.

La corte de distrito, al declarar con lugar el traslado, no estimó suficientemente justificado ninguno de los fundamentos de la moción, salvo el del privilegio personal de los demandados sobre el lugar para la celebración del juicio, y declaró y basó su resolución sobre la teoría de que la renuncia consignada en el pagaré no era obligatoria para los herederos del deudor.

En el caso de *Gómez* v. *Toro,* 23 D. P. R. 642, 648, dijimos que—

"El caso hipotético de que una persona se vea obligada, tal vez por virtud de un documento falso en donde conste su sumisión, a defenderse fuera del lugar de su domicilio, no está ante nosotros. En el caso que estamos considerando y resolviendo el demandado implícitamente aceptó la autenticidad del documento en que consta su sumisión, al limitarse al consignar en su excepción previa, que era dudosa la forma en que se cobraban los intereses."

Después de citar el párrafo que acabamos de insertar, la corte inferior al resolver la moción de reconsideración, consigna lo siguiente:

"En el caso presente, la legitimidad del documento en que aparece la sumisión ha sido negada. La corte no puede resolver ahora si el documento es o no legítimo, pero es evidente que acerca de su contenido todo hay una controversia; y, por tanto, no aparece claramente la sumisión a otro tribunal que no sea el del domicilio del demandado. Fuera de que la corte no tiene el convencimiento de que una persona pueda imponer a sus herederos la renuncia de un privilegio personal como el de la jurisdicción.

"Pero aparte de lo expuesto, la corte ve que la sumisión que se hace en el documento no se refiere específicamente a corte alguna de las insulares, sino que se somete a los tribunales insulares en general; y la renuncia que hace de domicilio, se ha extinguido."

Como ya hemos indicado, la vaga afirmación de que el causante de los demandados jamás renunció el fuero de su domicilio, apoyada solamente en una declaración jurada hecha por información y creencia, fué controvertida por medio de unas cuantas positivas declaraciones juradas tendentes a

identificar no sólo la firma sino también el contenido del pagaré en cuestión en el sentido de que fué redactado y firmado de puño y letra del otorgante del mismo.

A falta total de otra prueba por parte de los demandados o de alguna debilidad intrínseca u otro fundamento tangible que justifique una sospecha, estas declaraciones juradas han debido ser aceptadas por su valor aparente por parte de la corte sentenciadora para establecer *prima facie,* con el único fin de resolver la cuestión de competencia, la autenticidad de la firma.

No hemos tenido la fortuna de entender sobre qué fundamento pueda descansar la duda que abriga la corte sentenciadora en cuanto a la facultad del que suscribe un pagaré para obligar a sus herederos. En su alegato los apelados meramente se conforman con opinar que la cuestión de competencia o lugar en que deba celebrarse el juicio de una causa civil es un privilegio personal y no un derecho u obligación hereditario, y que por lo tanto que aun cuando los pagarés pueden ser considerados como contratos no obstante, los herederos quedan obligados por aquellos pactos que sean lícitos y conformes con reconocidas costumbres. Pero el otorgamiento solemne de todo contrato, la constitución de una obligación escrita, es por lo general esencialmente potestativa para las partes contratantes e igualmente materia de privilegio personal. Esta Corte Suprema ha resuelto varias veces que la renuncia del fuero del domicilio es una condición lícita en los contratos tanto como una de las costumbres locales bien establecidas, sancionada por el orden público y sostenida por la uniforme corriente de la jurisprudencia; y, en cuanto a la cuestión planteada en este caso se refiere, la insinuación de que los pagarés constituyen una excepción a la que no deben aplicarse los principios generales que rigen comúnmente en materia de contratos, ni siquiera merece los honores de una detenida consideración.

El código define el concepto de sucesión del modo siguiente:

"Sucesión es la transmisión de los derechos y obligaciones del difunto a sus herederos." Art. 664 del Código Civil.

"La herencia comprende todos los bienes, derechos y obligaciones de una persona, que no se extingan por su muerte." Art. 667 del Código Civil.

El contrato del causante obliga a su heredero, salvo "el caso en que los derechos y obligaciones que procedan del contrato no sean transmisibles, o por su naturaleza, o por pacto, o por disposición de la ley." Art. 1224 del Código Civil.

Aun cuando la doctrina del Derecho Civil sobre la responsabilidad personal de los herederos por las deudas de su causante no rigiese (9 *Ruling Case Law*, p. 103, sec. 102), los herederos generalmente "ocupan el lugar de sus antecesores." (Idem, p. 87, sec. 83.)

"Si el causante está impedido (*estopped*), del mismo modo lo están sus herederos." (Idem, p. 88, sec. 84).

Nos parece que no existe razón alguna para no seguir la doctrina desde hace mucho tiempo establecida por el Tribunal Supremo de España de que la estipulación referente a la renuncia del fuero del domicilio es tan obligatoria para los herederos como lo es el cumplimiento de cualquiera otra de las cláusulas o condiciones del contrato. 1 Manresa, 188, nota; Sent. de 6 de julio de 1872, 26 Jur. Civ. 79; Sent. de 9 de enero de 1873, 27 Jur. Civ. 137.

En el presente caso el pagaré claramente determina el domicilio del acreedor para la celebración del juicio a que diere lugar, y no se ha hecho indicación alguna de cambio de residencia desde la fecha de su otorgamiento, ni existe duda alguna respecto a cuál fué la intención que concibió el deudor fuera del indebido énfasis que se ha tratado de dar a las palabras "tribunales insulares de la isla."

Por lo tanto, no necesitamos por ahora excogitar sobre cuál pudiera ser el resultado de una aceptación sin restricciones del domicilio del acreedor respecto de la competencia (*venue*) de un tribunal en un pleito hipotético seguido en

otro distrito que no fuese el de la residencia del deudor a la fecha en que firmó el pagaré.

Las órdenes recurridas deben ser revocadas y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.

> *Revocadas las resoluciones apeladas y devuelto el caso a la corte inferior para ulriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Wolf disintió.